UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

------------------------------------------------------------------------ X
| | |
|---|---|
| ROGELIO HERNANDEZ-ROSAS, | : CIVIL ACTION NO. |
| | : |
| **Plaintiff,** | : |
| | : |
| -against- | : |
| | : |
| FLIK'S ENTERPRISES, LLC d/b/a FLIK'S FENCING AND LANDSCAPING, and ANDREW FLACH | : |
| | : August 24, 2022 |
| **Defendants** | : |

------------------------------------------------------------------------ X

# COMPLAINT

**I.     NATURE OF THE ACTION**

1.     Plaintiff worked for Defendants as a landscaper and fence installer. Throughout his employment, Plaintiff regularly worked more than forty hours per workweek, and as much as seventy-five hours on some workweeks. Despite this, Defendants paid Plaintiff between $18 to $22 per hour on a "straight time" basis, meaning Plaintiff always received $18 to $22 per hour for all hours worked, including hours over forty per workweek.

2.     Plaintiff brings this action to recover his unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq.* ("CMWA").

**II.     THE PARTIES**

3.     Plaintiff is an individual residing at all relevant times in Bridgeport, Connecticut.

4. Defendant Flik's Enterprises, LLC d/b/a Flik's Fencing and Landscaping ("Flik's") is a Connecticut corporation with its principal place of business located at 5 Old Country Road, Oxford, CT 06478.

5. Defendant Andrew Flach ("Mr. Flach") owns Flik's Enterprises, LLC and serves as its President. Defendant Flach managed Plaintiff's hours.

6. Defendant Flik's is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

7. Defendant Flik's has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Within the three years prior to the filing of this Complaint, Defendant Flik's had an annual gross volume of sales in excess of $500,000.

9. At all relevant times, Defendant Flach has had power over personnel decisions at Flik's including the power to discipline employees, hire and fire employees, set employee wages, set employee schedules, and otherwise control the terms and conditions of employment at Defendant Flik's. For example, Defendant Flach set Plaintiff's rate of pay, scheduled his hours, supervised his work, restricted his lunch breaks, and terminated his employment.

### III.     JURISDICTION

10. The United States District Court for the District of Connecticut has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337 because it assert a claim under the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### IV.     VENUE

11. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391, as Flik's Enterprises, LLC, is located within the State of Connecticut, and is subject to this Court's personal jurisdiction.

## V. PLAINTIFF'S FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant from approximately 2017 to February 2022. At all relevant times, Plaintiff worked primarily as a landscaper and fence installer at Flik's.

13. During the relevant period, Plaintiff was paid between $18.00 to $22.00 per hour.

14. Throughout his employment, Plaintiff regularly worked approximately sixty (60) to sixty-five (75) hours per week, and frequently worked seven days per week and holidays.

15. Defendants paid Plaintiff for his overtime hours (*i.e.* hours in excess of forty hours per week) on a "straight time" basis and not at the required overtime rate of one and one half (1½) times his regular hourly rate of pay.

16. Plaintiff asked to meet with Defendants to discuss the lack of overtime pay.

17. After complaining to Defendant Flach about missing overtime pay, Plaintiff was bluntly told that there was no more work for him and terminated his employment.

18. During the last three years of his employment, Defendants failed to pay Plaintiff overtime compensation, as required by the FLSA and CMWA, for all the hours he worked in excess of forty per workweek.

**FIRST CLAIM**
**Fair Labor Standards Act – Unpaid Overtime**

19. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

20. The FLSA requires Defendants to pay overtime compensation for all hours worked in excess of forty hours in a work week at the rate of one and and one half (1½) times the regular hourly rate.

21. Defendants failed to pay Plaintiff the full overtime compensation to which he was entitled, thereby violating the FLSA and its implementing regulations.

22. Defendants were aware that the practices described in this Complaint were unlawful, and knowingly and intentionally violated the FLSA.

23. As a result of Defendants' wilfull violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for the last three years of his employment, as well as reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### Connecticut Minimum Wage Act – Unpaid Overtime

24. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

25. Under the CMWA and its implementing Regulations, Defendants were required to pay Plaintiff one and one (1½) half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.

26. Defendants failed to pay Plaintiff the full overtime wages to which he is entitled to under the CMWA.

27. Defendants willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiff overtime wages.

28.     As a result of Defendants' willful violations of the CMWA, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a.     declaring that Defendants have violated the overtime wage provisions of the FLSA and the CMWA;

    b.     declaring that Defendants' violations of the FLSA and CMWA were willful;

    c.     awarding Plaintiff damages for unpaid overtime wages;

    d.     awarding Plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the CMWA;

    e.     awarding Plaintiff pre- and post-judgment interest under the FLSA and the CMWA;

    f.     awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the CMWA; and

    g.     awarding such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

By:    */s/ William G. Madsen*
William G. Madsen (ct 09853)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466
Fax: (860) 246-1794
Email: wmadsen@mppjustice.com

- and -

Louis Pechman (pro hac vice forthcoming)
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
Email: pechman@pechmanlaw.com